**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ALVAREZ CARRILLO,<br><br>Petitioner - Appellant,<br><br>v.<br><br>GISELLE MATTESON; PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondents - Appellees. | No. 23-3559<br><br>D.C. No.<br>3:22-cv-07776-JSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted August 22, 2025[**]
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Oscar Alvarez Carrillo appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2254. Carrillo was convicted in California state court of first

degree murder and sentenced to 30 years to life in prison. Carrillo did not dispute

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that he killed Salvador Hernandez and instead claimed self-defense. Carrillo argues that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to object to statements by the prosecution which he claims (1) accused defense counsel of fabricating his version of events and (2) diluted the burden of proof. The California Court of Appeal affirmed Carrillo's conviction on direct appeal and denied his state habeas petition. The California Supreme Court summarily denied Carrillo's petition for review.

We review the district court's decision denying § 2254 relief de novo. *Bolin v. Davis*, 13 F.4th 797, 804 (9th Cir. 2021). Carrillo's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. Counsel's performance is deficient when it falls "below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. In this case, the California Court of Appeal reasonably concluded that trial counsel did not perform deficiently. Under AEDPA, the state court's decision was not "objectively unreasonable," *Bell v. Cone*, 535 U.S. 685, 699 (2002),

nor was it based on an unreasonable determination of the facts.

*First*, the California Court of Appeal reasonably determined that the prosecutor's reference to "[t]his version of events that's being fabricated by the defense" was not misconduct, such that trial counsel was not deficient in declining to object. A prosecutor "stray[s] beyond proper advocacy" by arguing "that defense counsel . . . fabricated evidence." *Sassounian v. Roe*, 230 F.3d 1097, 1106 (9th Cir. 2000), *as amended on denial of reh'g* (Dec. 6, 2000). However, where a case "essentially reduces to which of two conflicting stories is true, it may be reasonable" to argue "that one of the two sides is lying." *United States v. Sarno*, 73 F.3d 1470, 1496–97 (9th Cir. 1995) (quoting *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991)).

The California Court of Appeal reasonably determined that, in context, the prosecutor did not attack defense counsel personally. Instead, the prosecution argued that Carrillo's defense was "fabricated" in the sense that it was a product of Carrillo's own lies and that it was otherwise implausible and inconsistent with the evidence. The prosecutor's statements shortly before and after the challenged remarks demonstrate that his comments were directed at Carrillo's account of events, as the prosecutor argued that Carrillo's claim of self-defense "makes no sense," that the knife allegedly held to Carrillo's throat was "a fabrication," and that there was no support for "[t]his entire story of his other than it came out of [Carrillo's] mouth."

At the end of his argument the prosecutor reiterated that "[t]he defendant's story is a lie." Given these statements, it was not objectively unreasonable for the California Court of Appeal to conclude the prosecutor's remarks were proper, such that defense counsel was not deficient in not objecting.

*Second*, the California Court of Appeal reasonably determined that the prosecutor did not dilute the beyond a reasonable doubt burden of proof by implying that the jury should convict if the prosecutor's account was "reasonable" and Carrillo's was "unreasonable." The prosecutor told the jury that its job was to weigh the evidence and to determine what was "reasonable" and "unreasonable," and that in considering circumstantial evidence jurors should "accept only reasonable conclusions and reject any that are unreasonable." Given the court's repeated instructions regarding the reasonable doubt standard, the California Court of Appeal reasonably concluded that the jury would not have understood the prosecutor's remarks as lessening the burden of proof, and, thus, that defense counsel was not deficient for failing to object.

2. The California Court of Appeal was also not objectively unreasonable in concluding that, even if defense counsel acted deficiently in failing to object to the prosecution's remarks, Carrillo was not prejudiced because the evidence overwhelmingly established his guilt. Prejudice requires "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466

U.S. at 694.  The evidence indicated that Carrillo, who was 28 and weighed 190 pounds, pinned Hernandez, who was 63 and weighed 159 pounds, to the bedroom mattress and stabbed him repeatedly.  Hernandez was cut or stabbed at least 75 times. Numerous witnesses saw the attack.  Carrillo's claim that he was ambushed by Hernandez and another man was corroborated only by his cousin, who did not mention this third man on the night of the attack.  The jury was able to consider Carrillo's self-defense theory, and there is no basis to conclude that striking the prosecution's remarks would have affected the result.  Accordingly, the California Court of Appeal's prejudice determination was not contrary to or an unreasonable application of *Strickland*, nor was it based on an unreasonable determination of the facts.

   **AFFIRMED.**